```
                    IN THE UNITED STATES DISTRICT COURT

                        FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,      )   CR. NO. 98-00456 SOM
                               )
           Plaintiff,          )   ORDER DENYING MOTION TO RECUSE
                               )   AND SETTING HEARING ON MOTION
    vs.                        )   FOR JUDICIAL NOTICE OF
                               )   PREVIOUSLY ADJUDICATED FACTS
TIMOTHY JON ROBLES,            )
                               )   **Hearing:**
           Defendant.          )   **April 29, 2013**
                               )   **9:00 a.m.**
_____  )   **Chief Judge Susan Oki Mollway**
```

### ORDER DENYING MOTION TO RECUSE AND SETTING HEARING
### ON MOTION FOR JUDICIAL NOTICE OF PREVIOUSLY ADJUDICATED FACTS

Defendant Timothy Robles has filed a motion seeking (1) judicial notice of previously adjudicated facts, (2) a hearing, (3) reconsideration of this court's prior ruling denying his third motion for early termination of supervised release, and (4) recusal by this judge "based on bias towards defendant."

The court turns first to the motion seeking judicial notice of previously adjudicated facts. Under Rule 201 of the Federal Rules of Evidence, a court may judicially notice a fact that is not subject to reasonable dispute because it "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Rule 201 also provides, "On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed." Although this provision is arguably

satisfied by giving a party an opportunity to brief the judicial notice issue, which Robles has already done, the court, in an abundance of caution, will hold an oral hearing on the judicial notice request to avoid any question as to whether the court has complied with Rule 201.  Robles may, if he so chooses, appear by telephone, provided that, no later than 4 days before the hearing, he contacts the courtroom manager at 808 541 1297 to provide a telephone number at which he may be reached for purposes of participating in the hearing.  The hearing is scheduled for **April 29, 2013, at 9:00 a.m.**  The court will place a call to Robles at the number he provides.

The court cautions Robles that, to the extent he is arguing that the court should adopt his view of the content or effect of various court rulings, his view of the content and effect is not a matter subject to judicial notice.  To the extent Robles simply wants the court to take judicial notice of the existence of rulings, that would be a proper subject of judicial notice provided the existence is relevant to a matter pending before this court.

The government may file an opposition memorandum by **April 24, 2013,** limited to the judicial notice issue.  Any such memorandum should be served on Robles in a manner designed to ensure his receipt of it before the hearing.

The court will address the requests for reconsideration and for a hearing on the reconsideration request following resolution of the judicial notice issue. The court sets **May 22, 2013,** as the deadline for the government to file a response to the reconsideration request.

The court does not, however, wait for the judicial notice issue to be resolved before addressing the motion that it recuse itself "based on bias towards defendant." The court denies the motion to recuse.

The motion to recuse appears to be brought under 28 U.S.C. § 455(a), which provides, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." While recusal may alternatively be sought under 28 U.S.C. § 144, that statute includes affidavit and timing requirements that Robles has not met.

When a motion to recuse is brought under § 455(a), "the motion is addressed to, and must be decided by, the very judge whose impartiality is being questioned." In re Bernard, 31 F.3d 842, 843 (9th Cir. 1994).

In Liteky v. United States, 510 U.S. 540 (1994), the Supreme Court discussed § 455(a) at length. The Supreme Court said:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . .

> Almost invariably, they are proper grounds for appeal, not for recusal.  Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.  They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.  A judge's ordinary efforts at courtroom administration–even a stern and short-tempered judge's ordinary efforts at courtroom administration–remain immune.

Id. at 555-56.

Because Robles refers to nothing more than his belief that this court has erred in denying him the relief he seeks, his recusal request is denied.  As indicated by the Supreme Court in language quoted above, erroneous rulings are ordinarily the proper subject for an appeal, not for recusal.  "Adverse findings do not equate to bias." United States v. Johnson, 610 F.3d 1138, 1148 (9th Cir. 2010).

4

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 18, 2013.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States v. Robles; Cr. No. 98-00456 SOM, ORDER DENYING MOTION TO RECUSE AND SETTING HEARING ON MOTION FOR JUDICIAL NOTICE OF PREVIOUSLY ADJUDICATED FACTS