IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 98-00456 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR |
| | ) | JUDICIAL NOTICE OF PREVIOUSLY |
| vs. | ) | ADJUDICATED FACTS, MOTION FOR |
| | ) | HEARING, AND MOTION FOR |
| TIMOTHY JON ROBLES, | ) | RECONSIDERATION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING MOTION FOR JUDICIAL NOTICE OF
PREVIOUSLY ADJUDICATED FACTS, MOTION FOR
<u>HEARING, AND MOTION FOR RECONSIDERATION</u>

Before the court are a Motion For Judicial Notice of Previously Adjudicated Facts, Motion for Hearing, and Motion for Reconsideration, all filed by Defendant Timothy Robles. The court denies all three motions.

With respect to the Motion for Judicial Notice of Previously Adjudicated Facts, this court is concerned that, notwithstanding his assertions that he only wants the court to take judicial notice of "facts," Robles appears to the court to be arguing the effect of prior court rulings. The effect is not an "adjudicative fact" subject to judicial notice under Rule 201 of the Federal Rules of Evidence. Even if Robles were limiting himself to adjudicative facts, he does not establish why any prior court order is relevant to his ongoing attempt to end his supervised release term early. At this point, the substantive matter before the court is a motion seeking reconsideration of this court's denial of his motion for early termination of

supervised release, and nothing in the request for judicial notice is a new matter that could not have been brought to the court's attention before the denial.  Indeed, the matters Robles raises have been the subject of several prior submissions by Robles.

With respect to the motion for an additional hearing on the reconsideration motion and the reconsideration motion itself, Robles does not raise matters that warrant reconsideration. Everything argued in his reconsideration motion is a matter dating back many years.  At this point, this court is focused on whether Robles is adjusting well to being released, not on challenges to earlier rulings that are not before this court. Early termination of supervised release is not an automatic matter of right.  Even if, in a case not before this court, Robles feels he was wronged, that does not require this court to end supervised release early in the present case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 30, 2013.



 /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States v. Robles, CR. NO. 98-00456 SOM, ORDER DENYING MOTION FOR JUDICIAL NOTICE OF PREVIOUSLY ADJUDICATED FACTS, MOTION FOR HEARING, AND MOTION FOR RECONSIDERATION